UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---------------------------------

SENGMANY SAVATXATH,

                              Plaintiff,

      -v-                                3:15-CV-82

DANIEL W. DEMER, Patrolman, Binghamton
Police Department, Individual and Official
Capacity; DANIEL D. BURNS, Patrolman,
Binghamton Police Department, Individual
and Official Capacity; and DANIEL J. BARTA,
Patrolman, Binghamton Police Department,
Individual and Official Capacity,

                              Defendants.

---------------------------------

APPEARANCES:                          OF COUNSEL:

OSBORN, REED & BURKE, L.L.P.      KELLY JOSEPH PARE, ESQ.
Attorneys for Plaintiff
502 Court Street, Suite 405
Utica, NY 13502

CITY OF BINGHAMTON CORPORATION   BRIAN M. SEACHRIST, ESQ.
   COUNSEL                               SHARON ANNE SORKIN, ESQ.
Attorneys for Defendants              Ass'ts Corporation Counsel
38 Hawley Street
City Hall
Binghamton, NY 13901

LEONARD & CUMMINGS, LLP           PATRICIA A. CUMMINGS, ESQ.
Attorneys for Defendants
84 Court Street, Suite 402
Binghamton, NY 13901


DAVID N. HURD
United States District Judge

**DECISION and ORDER**

**I. INTRODUCTION**

Plaintiff Sengmany Savatxath ("Savatxath" or "plaintiff") filed this civil rights action seeking compensatory and punitive damages for injuries he sustained on October 11, 2013, when Binghamton Police Department Patrol Officers Daniel W. Demer, Daniel D. Burns, and Daniel J. Barta (collectively "defendants") stopped the vehicle in which he was a passenger.

Following discovery, defendants collectively moved for summary judgment. In an opinion dated March 31, 2018, the undersigned granted in part and denied in part defendants' motion. ECF No. 113. Following summary judgment, the following claims remained: 42 U.S.C. § 1983 claim for excessive force and state law claim for assault and battery against defendants Demer and Burns and 42 U.S.C. § 1983 claim for failure to intervene against defendant Barta.

In anticipation of trial, the parties both filed motions in limine. Defendants first moved to preclude evidence of their indemnification; police procedures offered as proof of less forceful alternatives; any prior complaints and/or litigation against them and/or the Binghamton Police Department; and a specific dollar amount for plaintiff's alleged pain and suffering. ECF. No. 141. Plaintiff moved in limine to preclude evidence of his criminal history and prison disciplinary history; two body cam videos from a June 27, 2015 arrest; and his drug use. ECF No. 144. Defendants submitted written opposition. ECF No. 152. The motions have been considered on their submissions and without oral argument.

**II. BACKGROUND**

The salient facts are contained in the previous decision and in the interest of brevity, will not be recited here.

## III. DISCUSSION

### A. Standard

The purpose of a motion in limine is to allow the trial court to rule in advance of trial on the admissibility of certain forecasted evidence. See Luce v. United States, 469 U.S. 38, 40 n.2 (1984); see also Palmieri v. Defaria, 88 F.3d 136, 141 (2d Cir. 1996). A court should exclude evidence on a motion in limine only when the evidence is clearly inadmissible on all potential grounds. See Baxter Diagnostics, Inc. v. Novatek Med., Inc., No. 94-cv-5220, 1998 WL 665138, *3 (S.D.N.Y. Sept. 25, 1998). Courts considering a motion in limine may reserve decision until trial so that the motion is placed in the appropriate factual context. See Nat'l Union Fire Ins. Co. v. L.E. Myers Co. Group, 937 F. Supp. 276, 287 (S.D.N.Y. 1996). Alternatively, courts are "free, in the exercise of sound judicial discretion, to alter a previous in limine ruling" at trial as "the case unfolds, particularly if the actual testimony differs from what was contained in the [movant's] proffer." Luce, 469 U.S. at 41-42.

### B. Defendants' motion in limine, ECF No. 141

Defendants request that plaintiff be precluded from offering any evidence concerning potential indemnification of the defendant officers by the City of Binghamton. This request will be granted and the parties are directed not to mention indemnification.

Defendants argue plaintiff should be precluded from offering evidence of police procedures as proof of less-forceful alternatives. This request will be denied and such evidence will be permitted upon the laying of a proper foundation.

Defendants next contend that evidence concerning prior complaints and/or litigation against any named defendant and/or the Binghamton Police Department should be excluded. This request will be denied as to the named defendants and such evidence will be

permitted upon the laying of a proper foundation and demonstration of relevance to the instant facts. However, the request will be granted as to complaints and/or litigation against the Binghamton Police Department as it is not a named defendant.

Finally, defendants seek to preclude plaintiff from offering a specific dollar amount for his alleged pain and suffering. This request will be denied. Plaintiff is free to testify as to his damages and defendants are permitted to point out any lack of medical or other expert testimony on the issue.

### C. **Plaintiff's motion in limine**, ECF No. 144

Plaintiff requests that defendants be precluded from using his prior criminal convictions and arrests at trial, even for impeachment purposes. This request will be granted in part and denied in part. Evidence of misdemeanor convictions and arrests which did not reuslt in convictions will be excluded. Further, evidence of criminal convictions outside of ten years will be precluded. However, defendants are permitted to offer evidence of plaintiff's felony convictions within the last ten years.

Plaintiff seeks to preclude defendants from offering any evidence of his prison disciplinary history. This request will be granted and evidence of plaintiff's prison disciplinary history will be prohibited.

Plaintiff next contends that video evidence of a prior arrest should be excluded. This request will be granted and any body cam footage of July 27, 2015 is precluded.

Finally, plaintiff seeks to preclude the introduction of evidence concerning his use of controlled substances including both in testimony and in medical records. This request will be denied and such evidence will be permitted upon the laying of a proper foundation and demonstration of relevance to the instant facts.

## IV. **CONCLUSION**

Accordingly, defendants' motion in limine will be granted in part and denied in part. Plaintiff's motion in limine will be granted in part and denied in part. Trial is scheduled for December 3, 2018, in Utica, New York.

Therefore, it is

ORDERED that

1. Defendants' motion in limine, ECF No. 141, is GRANTED in part and DENIED in part;

2. Plaintiff's motion in limine, ECF No. 144, is GRANTED in part and DENIED in part; and

3. Trial remains scheduled for December 3, 2018, in Utica, New York at 9:30 a.m.

IT IS SO ORDERED.

_____
United States District Judge

Dated: November 30, 2018
     Utica, New York.