UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
--------------------------------

SENGMANY SAVATXATH,

                          Plaintiff,

  -v-                                      3:15-CV-82

DANIEL W. DEMER, Patrolman, Binghamton
Police Department, Individual and Official
Capacity, formerly known as P.O. Demar; and
DANIEL D. BURNS, Patrolman, Binghamton
Police Department, Individual and Official
Capacity, formerly known as P.O. Burns,

                         Defendants.

--------------------------------

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OSBORN, REED & BURKE, L.L.P.<br>Attorneys for Plaintiff<br>502 Court Street, Suite 405<br>Utica, NY 13502 | KELLY J. PARE, ESQ. |
| CITY OF BINGHAMTON CORPORATION<br>    COUNSEL<br>Attorneys for Defendants<br>38 Hawley Street<br>Binghamton, NY 13901 | BRIAN M. SEACHRIST, ESQ.<br>SHARON ANNE SORKIN, ESQ. |
| LEONARD & CUMMINGS, LLP<br>Attorneys for Defendants<br>84 Court Street, Suite 402<br>Binghamton, NY 13901 | PATRICIA A. CUMMINGS, ESQ. |

DAVID N. HURD
United States District Judge

# MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

Plaintiff Sengmany Savatxath ("Savatxath" or "plaintiff") filed this civil rights action seeking compensatory and punitive damages for injuries he sustained on October 11, 2013, when Binghamton Police Department Patrol Officers Daniel W. Demer ("P.O. Demer") and Daniel D. Burns ("P.O. Burns") (collectively "defendants") stopped the vehicle in which he was a passenger.[1]

The case proceeded to a jury trial that lasted from December 3, 2018 to December 4, 2018, and the jury returned a verdict finding that plaintiff failed to prove his claims by a preponderance of the evidence. Currently pending is plaintiff's motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a).

## II. BACKGROUND

Because this Memorandum-Decision and Order is intended primarily for the review of the parties, who are familiar with the proceedings of this case (including the pre-trial motions and the jury trial that took place between December 3–4, 2018), a summation of that history will not be included here.

As stated in the March 31, 2018 Memorandum-Decision and Order granting in part and denying in part defendants' motion for summary judgment, plaintiff alleged that during the traffic stop, defendants forcibly removed him from the vehicle, beat him, arrested him, and transported him to the Binghamton Police Department station where he was charged

---

[1] Daniel J. Barta was also sued but was dismissed from the case during trial.

with a misdemeanor and later released. The evidence presented on summary judgment raised several issues of material fact.

At trial, plaintiff testified on his own behalf. Defendants also each testified on their own behalf, including Daniel J. Barta before he was dismissed from the case. The jury returned a verdict finding that plaintiff failed to prove by a preponderance of the evidence: (1) that defendant Demer used excessive force against plaintiff; (2) that defendant Burns used excessive force against plaintiff; (3) that defendant Demer committed an assault and battery against plaintiff; and (4) that defendant Burns committed an assault and battery against plaintiff. Plaintiff now seeks a new trial under Federal Rule of Civil Procedure 59(a) on the basis that the jury's verdict was both seriously erroneous and a miscarriage of justice.

## III. **STANDARD OF REVIEW**

Under Rule 59(a), a court may "grant a new trial . . . for any reason for which a new trial has heretofore been granted in an action at law in federal court," Fed. R. Civ. P. 59(a)(1)(A), "including if the verdict is against the weight of the evidence." Raedle v. Credit Agricole Indosuez, 670 F.3d 411, 417 (2d Cir. 2012). The Second Circuit has explained that "a decision is against the weight of the evidence . . . if and only if the verdict is (1) seriously erroneous or (2) a miscarriage of justice." Farrior v. Waterford Bd. of Educ., 277 F.3d 633, 635 (2d Cir. 2002).

## IV. **DISCUSSION**

Plaintiff's motion for a new trial asserts the following arguments: (1) he was denied a substantial right by being precluded from wearing his medically necessitated helmet during trial; (2) he was denied a substantial right when the court refused to appoint him as standby counsel for the duration of the trial; and (3) the jury's verdict in favor of the defendants was

clearly erroneous because (i) both the plaintiff's testimony and that of the defendants established that plaintiff was not actively resisting arrest on October 14, 2013, and instead the jury was biased against plaintiff and (ii) over objection, plaintiff was allowed to answer a question regarding his motivation for filing the lawsuit.

Defendants oppose and contend that plaintiff's motion fails to prove that the jury reached a seriously erroneous result, that the verdict is a miscarriage of justice, or that the verdict was against the weight of the evidence. Specifically, defendants argue preclusion of the helmet was proper, the court properly declined to appoint plaintiff as his own standby counsel as he had pro bono trial counsel, the jury was not biased against those of Laotian descent, and allowing plaintiff's admission that his suit was frivolous was not error.

Plaintiff has failed to sustain his burden to show that the jury reached a seriously erroneously result or that the verdict was a miscarriage of justice. As explained prior to trial, the helmet would have been more prejudicial than probative on the matters to be decided at trial. With respect to proving whether or not plaintiff suffered from cataplexy or narcolepsy, he was permitted to testify as to these conditions and his medical history. After plaintiff's repeated pre-trial requests for appointment of counsel, his request was granted and plaintiff was provided pro bono trial counsel. As a non-attorney, plaintiff could not be appointed to act as counsel and there was no need for standby counsel as plaintiff's attorney was more than competent to litigate this matter. Moreover, the assertion that the jury was biased against plaintiff because of his Laotian descent is unsupported by any evidence in the trial record. Finally, even assuming arguendo that permitting plaintiff to answer questions regarding his motive to sue was error, any such error was harmless and did not render the jury verdict against the weight of the evidence or render the trial unfair to plaintiff.

Accordingly, plaintiff's motion for a new trial will be denied.

## V.    **CONCLUSION**

Therefore, it is

ORDERED that

Plaintiff's motion for a new trial pursuant to Federal Rule of Civil Procedure 59(a) is DENIED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: February 5, 2019
       Utica, New York.